Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
GIESSY FUNEZ *AND ON BEHALF OF OTHERS SIMILARLY SITUATED*

*Plaintiff*

Chaim's Grocery Inc. and Williamsburg Bagel Corp.
(DBA Williamsburg Bagel & Bakery) Joel Bogel

*Defendants.*
-------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) and CLASS ACTION UNDER FRCP 23**

**ECF Case**

Plaintiff GIESSY FUNEZ, bring this action complaint on behalf of herself against Chaim's Grocery Inc., Williamsburg Bagel Corp. and JOEL BOGEL (DBA Williamsburg Bagel & Bakery), (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

1

## NATURE OF ACTION

1. This Class and Collective Action Complaint seeks to recover overtime compensation, for individuals who have been employed by Defendants as Bakery Clerks for some or all the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2. Plaintiff is a former employee of Defendants who was employed as a Bakery Clerk for Williamsburg Bagel & Bakery at their bakery located in Brooklyn, NY.

3. As described herein, Individual Defendant Joel Bogel ("Individual Defendants") employed Plaintiff for the purposes of the instant claims.

4. Chaim's Grocery Inc. and Williamsburg Bagel Corp. (DBA Williamsburg Bagel & Bakery) is a bakery with its headquarters at 73 Lee Avenue Brooklyn NY 11211.

5. Chaim's Grocery Inc. and Williamsburg Bagel Corp. is a New York bakery with its principal place of business in 73 Lee Avenue Brooklyn NY 11211. This is the location where Plaintiff Funez worked.

6. Individual Defendants Joel Bogel operates and controls Defendant business and, by extension, Defendant business employees, for part or all of the time period relevant to this action.

7. At all relevant times, Plaintiff regularly work for Defendants in excess of 40 hours per week, without receiving appropriate overtime compensation for any of the hours that they worked

8. At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

9. Plaintiffs now bring this Class and Collective Action on behalf of herself and other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records, and the taking of unlawful deductions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

10. In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees, and costs.

11. Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants, and as a putative class action under FRCP 23 with respect to the New York state law claims.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 USC § 1367.

13. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3

14. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

15. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, certain Plaintiff resides in this District and because a substantial part of the events that are the subject of the litigation transpired in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

16. Plaintiff brings her FLSA claims on behalf of herself, and all similarly situated persons who work or have worked for Defendants on or after <u>January 6, 2016</u>, who elect to opt-in to this action (the "FLSA Collective").

17. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

18. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice include, but is not limited to:

    a) Willfully failing to pay overtime wages for hours worked in excess of 40 hours per week;

    b) Willfully failing to keep records that satisfy statutory requirements.

19.     At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half her regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

20.     The claims of Plaintiffs stated herein are similar to those of the other employees and Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

21.     Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiffs and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

22.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

23.     Plaintiffs bring certain NYLL claims pursuant to FRCP 23 on behalf of all of the Defendants' employees who work or have worked for Defendants from January 6, 2016, and the date of final judgment in this matter ("the Class").

24.     Excluded from the Class are, inter alia, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

5

25. On information and belief, the size of the Class is roughly 50 individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

26. Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a. Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

   b. Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

   c. Whether Defendants misclassified Plaintiffs and members of the Class as exempt;

   d. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class, and other records required by the NYLL;

   e. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

   f. The nature and extent of class-wide injury and the measure of damages for those injuries.

27. Plaintiffs' claims are typical of the Class's claims that they seek to represent. Defendants employed Plaintiffs and the Class in New York State. Plaintiffs and the Class enjoy the same NYLL rights to receive overtime; to be protected from unlawful deductions; to have legally

sufficient record-keeping. Plaintiffs and the Class have all sustained similar type of damages as a result of Defendants' non-compliance with the NYLL. Plaintiffs and the Class have all been injured by virtue of Defendants under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

28.    Plaintiffs will fairly and adequately represent and protect the interests of the Class's members. Plaintiffs understand that as class representatives they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Class's interests. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Class. Plaintiffs understand that to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Class.

29.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices and procedures. Although the relative damages suffered by individual members of the Class are not <u>de minimis</u>, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and

7

to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

30. This action is properly maintainable as a class action under FRCP 23(b)(3).

## PARTIES

*Plaintiff Giessy Funez*

31. Plaintiff Giessy Funez, ("Plaintiff Funez") is an adult individual residing in Brooklyn, NY. Plaintiff Funez was employed by Defendants for one and a half years. At all relevant times to this complaint, Plaintiff Funez was employed by Defendants as a Bakery Clerk at 73 Lee Avenue Brooklyn NY 11211.

32. Plaintiff consent to be parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

*Defendants*

33. Individual Defendants have owned, operated, and controlled Chaim's Grocery Inc. and Williamsburg Bagel Corp. (DBA Williamsburg Bagel & Bakery) at all times relevant to this complaint.

34. On information and belief, Chaim's Grocery Inc. and Williamsburg Bagel Corp. are corporations organized and existing under the laws of the State of New York.

35. Upon information and belief, Chaim's Grocery Inc. and Williamsburg Bagel Corp. have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

36. On information and belief, the operations of Chaim's Grocery Inc. and Williamsburg Bagel Corp. individually implicate interstate commerce insofar as these Defendants rely heavily on products that have been transported across state lines.

37. Defendants Joel Bogel is an individual who has been the de facto and de jure owner, officer, and/or agent of Defendant Corporation during the relevant time period, and they are issued individually. Defendants Joel Bogel have possessed and exercised operational control over Defendant Corporation, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Joel Bogel has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## COMMON FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

38. Defendants operate a construction contracting company where the Plaintiff worked. At all relevant times, Individual Defendants Joel Bogel possesses or possessed operational control over Defendant Corporation; possess or possessed an ownership interest in Defendant Corporation, and control or controlled significant functions of Defendant Corporation.

9

39. Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

40. At relevant times, each Corporate Defendant possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

41. Corporate Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

42. In the alternative, Corporate Defendants constitute a single employer of Plaintiff and/or similarly situated individuals, as the corporate divisions between them are fictional.

43. At all relevant times, Individual Defendants were Plaintiff's employers within the meaning of the FLSA, NYLL, and other law.

44. Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

45. Individual Defendants supervised Plaintiff's work schedules and conditions of her employment.

46. Individual Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

47. Individual Defendants also controlled and guided what limited recordkeeping took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Giessy Funez*

48. Plaintiff is a former employee of Defendants, primarily employed as a bakery clerk at 73 Lee Avenue Brooklyn NY 11211.

49. Plaintiff did not work at her own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at her pleasure but rather was controlled by Defendants.

50. Plaintiff worked (6) six days per week for 12 hours per day (or 72 hours per week) and was paid $15 per hour from November 2020 until October 2021.

51. Defendants made her sign a document in English every time they handed her a weekly salary. (Exhibit). The document, which Plaintiff is unable to read because she cannot read English, was never given to her or explain. In this document, Plaintiff is purported to "agree" that she has received her overtime wages when in fact, she was always paid at straight time or $15 an hour.

52. Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor.

53. Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

54. Plaintiff Funez was employed from November 2020 until December 2021.

55. Plaintiff Funez regularly handled goods in interstate commerce, such as food and ingredients were produced outside of the State of New York.

56. Plaintiff Funez's work duties required neither discretion nor independent judgment.

57. Throughout her employment with Defendants, Plaintiff Funez regularly worked in excess of 40 hours per week.

58. From approximately November 2020 until October 2021, Rodriguez worked about (6) six days per week. Typically, 6:00 am until 7:00 or 8:00pm.

59. Plaintiff Funez worked over (72) seventy-two hours per week prior to October 2021.

60. Defendants did not provide Plaintiff Funez with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

61. Defendants never provided Plaintiff Funez with written notice of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

62. Defendants regularly require Plaintiff to work in excess of forty (40) hours per week without paying him the proper overtime wages or spread of hours compensation.

63. By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

64. Defendants failed to post required wage and hour posters and did not provide Plaintiff with statutorily require wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

65. Defendants did not provide Plaintiff, with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

66. Defendants failed to provide Plaintiff with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

67. Defendants failed to provide Plaintiff, at the time of hiring and on or before November of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
### (Violation of FLSA Overtime)

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire

13

and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

70. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

72. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

73. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74. Defendants acted willfully in their violations of the FLSA's requirements.

75. Plaintiff was damaged in an amount to be determined at trial

## SECOND CAUSE OF ACTION

### (Violation of the Overtime/ Wage Statement Provisions of NYLL/)

76. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein. At all times relevant to this action, Defendants were Plaintiff employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

77. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

Plaintiff was damaged in an amount to be determined at trial.

78. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiff spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

80. Plaintiff was damaged in an amount to be determined at trial.

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of her rate of pay, regular payday, and such other information as required by NYLL §195(1). Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorney's fees.

83. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

84. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

85. Defendants acted willfully in their violation of the above-described NYLL requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

A.  Designating this action as a collective action and authorizing prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and her right to join, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

B.  Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

C.  Designating Plaintiffs as Class Representatives, reasonable service awards for each plaintiff, and her counsel of record as Class Counsel;

D.  Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

E.  Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

F.  Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

G.  Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

H.  Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

I.  Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

J.   Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

K.   Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

L.   Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

M.   Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation is shown to be owed pursuant to NYLL § 663 as applicable;

N.   Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

O.   Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

P.   All such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 6, 2022

LINA STILLMAN, ESQ.
___/s/ *Lina Stillman*___
By:   STILLMAN LEGAL, P.C.

17