

**VIA ECF**
U.S.M.J
Taryn Merkle
Eastern District of New York

September 7, 2022

Your Honor,

    This firm represents Plaintiff Funez in the above-referenced matter. Plaintiff writes jointly with Defendants to request Court approval of their settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

    The letter will provide support for the fair and reasonable settlement sum of $8,500 and will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested attorney fee award of $3,023.33 is also fair and reasonable.

    The Parties have agreed to a Settlement Agreement and General Release for the plaintiff ("the Agreement"), attached hereto as Exhibit A, which resolves all the Plaintiffs' wage and hour claims against Defendants. The Parties have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.

    The Agreement is the result of arms-length bargaining between the Parties and reflects a desire to fully and finally settle and compromise all their claims asserted in this case, as outlined more specifically in the attached Agreement

*Lina Stillman, Esq.*

*Yair Buck, Esq.*

I. **Statement of the Case**

Taryn Merkle
Eastern District of New York
September 28, 2022
Page 2

This is an action for money damages brought by Geissy Funez, the named Plaintiff. Ms. Funez filed a Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed at Defendant's Bagel/Bake Shop in Brooklyn. Plaintiff alleges that she was not paid overtime at the reasonable rate of one and a half times after working over 40 hours, which she frequently did work. Defendants calculated the amount of time that Plaintiff was owed and are willing to make her whole.

However, the Parties acknowledge there are risks to both sides in proceeding with litigation, as well as significant burdens and expenses in establishing their respective positions through a trial. The proposed settlement also represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' defenses.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay Plaintiff a total sum of $8,500 to settle all their claims. If they were to prove all their claims at trial, the Plaintiffs estimate that they would receive $9,600 (See alleged damages calculation chart attached).

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Counsel on both sides engaged in extensive telephone and electronic settlement negotiations. In addition, they engaged in extensive settlement talks with the assistance of a Eastern District mediator Robyn Weisntein and were able to resolve all issues over the course of a couple of months.

Plaintiff believes that this settlement is a fair and adequate result, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

Taryn Merkle
Eastern District of New York
September 28, 2022
Page 3

### III. Plaintiffs' Attorney's Fees are Fair and Reasonable

Under the settlement, the Plaintiffs' counsel will receive $3,023.33 from the total settlement amount as attorney's fees. This represents a third (33.33%) of the settlement amount and constitutes the number reflected in the Plaintiff retainer agreement including costs of $570.00

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). There is ample authority in this circuit holding that a 33.33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. See Castaneda v. My Belly's Playlist LLC. No. 15 Civ. 1324 (JCF)(S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation).

A brief biography of the attorney who performed billed work in this matter is as follows:

a. Lina Stillman has been practicing law since 2012. Prior to forming Stillman Legal, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment with an emphasis on wage and hour litigation.
Miss Stillman speaks fluent Spanish, Italian and Portuguese and can translate and communicate with all her clients without the need of an interpreter.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and an active Pro Bono Counsel at the Bar Association Clinics.

**Conclusion**

Plaintiff Funez was represented by counsel throughout this lawsuit, and the plaintiff's counsel has agreed to the settlement amount based on her express approval. Ms. Funez received translated settlement agreement in Spanish and is fully aware of the terms therein.

In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The Parties thank the Court for its attention to this matter.

Respectfully submitted,
/s/Lina Stillman