# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between GIESSY FUNEZ ("Plaintiff"), Chaim's Grocery Inc. and Williamsburg Bagel Corp. ("WILLIAMSBURG BAGEL"), JOEL VOGEL (collectively, "Defendants" and with Plaintiff, the "Parties") as of November 17, 2022

## RECITALS

A.WHEREAS, on or about January 6, 2022, Plaintiff filed an action in the United States District Court for the Eastern District of New York against the Defendants bearing the caption *GIESSY FUNEZ v. Chaim's Grocery Inc. and Williamsburg Bagel Corp. (DBA Williamsburg Bagel & Bakery) JOEL VOGEL (collectively the "Defendants")*, Docket No. 1 1:22-cv-00082 (RPK) (TAM) (the "Action"), alleging, *inter alia*, that the Defendants failed to pay Plaintiff certain wages due in connection with services she performed on behalf of the Defendants. The aforementioned Action is currently pending in the United States District Court for the Eastern District of New York.

B.WHEREAS, the Defendants deny Plaintiff's allegations and contend that Plaintiff was paid all wages due and owing;

C.WHEREAS, no Government Agency or Court has either considered or determined the Parties' respective claims and defenses;

D.WHEREAS, the Defendants admit no wrongdoing nor any liability with respect to Plaintiff's allegations; and

E.NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

1.Consideration. After participation in mediation under the auspices of the United States District Court's Alternative Dispute Resolution program, the Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiff agrees that she will not seek any further consideration from the Defendants, including any monetary payments, beyond that set forth in Paragraph 2 of this Settlement Agreement.

2.Settlement Amount.

(a) The Defendants agree to pay Plaintiff the total gross settlement amount of Eight Thousand Five Hundred Dollars and Zero Cents ($8,500) (the "Settlement Amount"), as follows:

>1.Within Twenty (20) business days of the Court's approval of this Settlement Agreement, Defendants shall deliver to Stillman Legal PC, Lina Stillman, Esq., two (2) checks in the total gross amount of $8,500, as follows:

1

    2. One Check in the amount of $5,476.66 Five Thousand Four Hundred Seventy-Six Dollars and Sixty-Six Cents to STILLMAN LEGAL, P.C. The Plaintiff understands and agrees that the Defendants will issue Form 1099 for this payment with respect to her attorney.

    3. One Check in the amount of $3,023.33 Three Thousand Twenty-Three Dollars and Thirty-Three Cents to STILLMAN LEGAL, P.C. The Plaintiff understands and agrees that the Company will issue Form 1099 for this payment with respect to her attorney.

With regard to any payments made, if, for any reason, it is determined by any federal, state, or local authority or court that these portions of the Settlement Amount should have been or are subject to withholdings, Plaintiff shall be solely responsible for and agrees to reimburse, indemnify, and hold harmless the Defendants for any and all liabilities stemming therefrom including but not limited to any taxes, penalties, fines, or any attorneys' fees incurred by Defendants and/or its insurers to enforce this indemnification provision. The Plaintiff acknowledges that she has not relied upon any representations by Defendants and/or its counsel concerning the tax obligations and consequences resulting from her receipt of any portion of the Settlement Amount. The Settlement Amount are conditioned on Plaintiff's counsel delivering a completed, fully-executed IRS Form W-9 to counsel for the Defendants.

    3. <u>Effective Date.</u>   This Agreement shall not be effective or enforceable and no payments will be made hereunder unless and until the Court approves the Agreement.

    4. <u>Release.</u>  The Plaintiff, after consulting with her attorney, to the extent permitted by law, hereby voluntarily, irrevocably and unconditionally release, discharge, and forever waive on behalf of herself, her heirs, spouses, executors, administrators, personal representatives, members and assigns, any and all claims she now has, might now have, or ever had against the Defendants (including but not limited to Yoel Fogel), the Defendants' shareholders, predecessors, successors, and assigns, parents, subsidiaries, divisions, affiliates, affiliated partnerships and companies, and benefit plans and each of its and their present and former directors, officers, employees, agents, servants, representatives, attorneys, and insurers (collectively, the "Company Releasees"), from all actions, causes of action, suits, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, demands and claims raised in the Complaint including any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, for any and all FLSA and NYLL wage-and-hour claims arising out of Plaintiff's employment with DEFENDANTS, up to and including the date Plaintiff signs this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Plaintiff may assert anywhere in the world against the Company Releasees, or any of them

> including by not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, improper deductions, spread of hours, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, based upon any conduct occurring from the beginning of Plaintiff's employment with Company Releasees to the date of the Plaintiff's execution of this Agreement ("Wage Claims").

Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all Wage Claims against Defendants by RELEASOR including, but not limited to claims for attorneys' fees, disbursements and costs.

5. <u>Covenant Not to Sue</u>. Plaintiff affirms that she has not filed, or caused to be filed, and is not presently a party to, any action or complaint, including those with the Department of Labor or the United States Equal Employment Opportunity Commission, against Defendants seeking damages for the pertinent released claims as set forth in this Agreement, other than this Action. Further, Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), with respect to the claims released in this Agreement.

6. <u>Submission to Court for Approval and Purposes of Dismissing the Action</u>.

    (a) Concurrent with execution of this Agreement, the Parties agree to execute the "Stipulation of Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court to be so ordered if the settlement is approved by the Court and the settlement monies are paid, as reflected in subparagraph 6(e) herein.

    (b) Court approval of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement renders this Agreement null and void and no payments shall be made pursuant to the Agreement.

    (c) The Parties agree to cooperate reasonably with one another in seeking Court approval of this Agreement, and to promptly agree upon and execute any documentation that may be reasonably required to obtain final approval by the Court of the Agreement.

    (d) Dismissal of Action. Any and all claims asserted by the Plaintiff shall be, and are, dismissed with prejudice upon the payment of the Settlement Amount. The Parties will execute and file a stipulation of dismissal in the form of Exhibit "A" within five (5) calendar days after the payment of the Settlement Amount.

    (e) Costs and Attorneys' Fees. Each Party will bear its own litigation costs and attorneys' fees in connection with this Action, except as specified in this Agreement.

7. <u>Third Parties</u>. No portion of this Agreement shall provide any rights to, or be enforceable in any forum by, any person or entity that is not a party to this Agreement except for Stillman Legal PC.

8. <u>Acknowledgments</u>.  By signing this Agreement, Plaintiff acknowledges and agrees that (a) she has been afforded a reasonable and sufficient period of time for review, deliberation thereon and negotiation of the terms thereof, and has consulted with legal counsel or a representative of her choice before signing it; (b) she has carefully read and fully understands all the provisions of this Agreement, all of which have been explained to her;  (c) she has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; and (d) the only consideration for signing this Agreement are the terms stated herein, and no other genuine promise, agreement or representation of any kind has been made to her by any person or entity whatsoever to cause her to sign this Agreement.

9. <u>Governing Law and Interpretation</u>.  This Settlement Agreement shall be governed by and in accordance with the laws of the State of New York without regard to its conflict of law provisions.  In the event of a breach of any provision of this Settlement Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

10. <u>Jurisdiction</u>.  The Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

11. <u>No Admission of Wrongdoing</u>.  The Defendants expressly deny any violation of any of laws, regulations or their policies or procedures.  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.  This Agreement shall neither constitute nor establish any precedent and shall not be used or introduced by Plaintiff in any grievance, arbitration, judicial or other proceeding, except to enforce the terms of this Agreement.

12. <u>Amendment</u>.  This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

13. <u>Entire Agreement</u>.  This Settlement Agreement constitutes the complete understanding of the Parties.  No other promises or agreements shall be binding unless agreed to in writing and signed by the Parties.

14. <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party who transmits the signature page by facsimile or email.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

_____
GEISSY FUNEZ

CHAIM'S GROCERY INC. AND WILLIAMSBURG BAGEL CORP.

By: _____
    Name:
    Title:

By: _____
    YOEL FOGEL

**EXHIBIT A**

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GEISSY FUNEZ,

                            Plaintiff,                Case No.: 1:22-cv-00082

**VOLUNTARY DISMISSAL WITH PREJUDICE**

    -against-

Chaim's Grocery Inc. and Williamsburg Bagel Corp.,
JOEL VOGEL

                          Defendants.
-----------------------------------------------------------------X

### STIPULATION OF DISMISSAL

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above captioned action, through their undersigned counsel, and subject to approval by the Court, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action is dismissed with prejudice and without costs or attorney's fees as to any party except as referenced in the settlement agreement. The Court hereby retains jurisdiction over this matter to enforce the Settlement Agreement between the Parties. Dated: November 17, 2022

**RAGLAN & STILLMAN LLP**

By: _*Lina Stillman, Esq.*_
    Lina Stillman, Esq.

42 Broadway, 12th Floor
New York, New York 10004
(212) 832-1000
LS@stillmanlegalpc.com
*Attorneys for Plaintiff GEISSY FUNEZ*

**BRUCK LLP**

By: _____

Yair M. Bruck
1207 East 34th St
Brooklyn, NY 11210
(212) 593-9090
YB@BruckLLP.com


DATED: _____
SO ORDERED:

_____
D.C.J.

7